UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RIGOBERTO CORDERO-DIAZ,

        Petitioner,

vs.                                 Case No. 3:13-cv-1252-J-34JBT

ERIC HOLDER, etc.; et al.,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner Rigoberto Cordero-Diaz, an inmate at the Baker County Detention Facility, is in the custody of the United States Immigration and Customs Enforcement (ICE) awaiting removal from this country. Cordero-Diaz initiated this action by filing a Petition for a Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2241. In the Petition, he requests that the Court order the Respondents to immediately release him from confinement. Petition at 5.

Cordero-Diaz states that his order of removal was entered July 23, 1987. Id. at 2, 4. Upon completion of his prison sentence, ICE took custody of him on August 29, 2013. Id. at 2, 3. Insofar as Petitioner may be attempting to challenge his detention awaiting removal, his petition is premature. In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien

within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

"The removal period begins **at the latest of three occurrences**: the date the order of removal becomes administratively final; the date of any reviewing court's final order; or the date the alien is released from criminal confinement." Liang v. Bureau of Immigration and Customs Enforcement, No. Civ. A.04-CV-1538, 2004 WL 1126276, at *1 (E.D. Penn. May 20, 2004) (emphasis added) (stating that the removal period began when Liang was released from criminal

custody into ICE custody) (citing 8 U.S.C. 1231(a)(1)(B)(i-iii)). Since ICE took Cordero-Diaz into custody on August 29, 2013, his claim under <u>Zadvydas</u> is not yet ripe, and the Petition is premature.

Accordingly, for the above-stated reasons, the Petition will be dismissed. When Petitioner's <u>Zadvydas</u> claims become ripe, he may file a new petition in the appropriate United States District Court[1] to seek discharge from custody while he awaits removal.

Therefore, it is now

**ORDERED**:

1.   This case is hereby dismissed without prejudice.

2.   The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of October, 2013.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 10/18
c:
Rigoberto Cordero-Diaz

---

[1] Petitioner should file such a petition in the district court for the district in which he is confined. If Petitioner is still incarcerated at the Baker County Detention Facility when his <u>Zadvydas</u> claim is ripe, it would be appropriate to file his petition seeking release in this Court.